## 37890. BRYAN v. BRYAN.

GREGORY, Justice.
Appellee Harold Schuler Bryan and appellant Janice Lindsay Bryan were married in August, 1965. They divorced in September, 1978, and remarried in September, 1979. The couple separated on August 1, 1980; shortly thereafter appellee sued for divorce on the ground that the marriage was irretrievably broken. Code Ann. §

30-102 (13). Appellant answered, denying that the marriage was irretrievably broken and praying for temporary custody of the couple's three minor children and temporary support during the pendency of the action. Appellee thereafter amended his complaint, seeking custody of the couple's son. Subsequently appellee filed a motion for summary judgment on the issue of divorce. He attached to the motion an affidavit stating that since the couple's separation he had refused to cohabit with appellant, that there were no prospects for a reconciliation, and further, that he would "oppose" any efforts at reconciliation. Appellee included with the affidavit two letters written by appellant and sent to appellee after the parties separated which appellee contends "clearly illustrate . . . her denial that the marriage was irretrievably broken, was made in bad faith and solely for the purpose of delaying . . . the divorce."

In these letters appellant states that she is "ashamed to know [appellee] and to have had three children by [him]." She further states that if appellee does not give her the property settlement she desires, she will "take it to a jury trial."

Appellant filed an affidavit in opposition to appellee's motion for summary judgment stating that she held "genuine desires and hopes for [a] reconciliation and the preservation of [their] marriage"; that the parties had engaged in intimate relations on August 25, 1980; and that her husband had subsequently purchased numerous gifts for her and had displayed affection for her on many occasions since their separation.

The trial court granted appellee's motion for summary judgment. We granted appellant's application to appeal.

"In a no-fault divorce [under Code Ann. § 30-102 (13)] the assignment of blame is irrelevant; the issue is a search for the realities of the marital situation, i.e., whether the marriage has ended in fact. If this fact is undisputed by the pleadings, a judgment may issue upon the pleadings. Even if disputed by the pleadings, it can be granted on motion for summary judgment where the movant pierces the pleadings by showing there is no genuine issue on any material fact and there is no valid counter showing by the opposing party. If there is an issue of fact, either party is entitled to a jury trial." *Dickson v. Dickson,* 238 Ga. 672, 673-4 (235 SE2d 479) (1977).

If the party moving for summary judgment files an affidavit which sets forth *evidentiary facts* showing refusal to cohabit and the lack of any prospects for reconciliation, summary judgment will be granted unless there is an opposing affidavit showing that the movant has not refused to cohabit or has shown prospects for reconciliation. "If [the] respondent files an affidavit expressing respondent's opinion that the marriage is not irretrievably broken and that there

are genuine prospects for reconciliation, then summary judgment should be denied." *Dickson,* at 675. Accord, *Whittington v. Whittington,* 247 Ga. 79 (274 SE2d 333) (1981).

Here, appellant's affidavit expressed her opinion that the marriage was not irretrievably broken and set forth evidentiary facts in support of her claim that there were genuine prospects for a reconciliation. We conclude that the trial court erred in determining that there was no genuine issue as to any material fact and in granting appellee's motion for summary judgment. Code Ann. § 81A-156.

*Judgment reversed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Smith, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*Carol W. Hunstein,* for appellant.
*Brenda G. Holbert,* for appellee.