67599. C & H COURIERS, INC. v. AMERICAN MUTUAL INSURANCE COMPANY.

POPE, Judge.

Appellee American Mutual Insurance Company brought this action against appellant C & H Couriers, Inc. to recover $5192, interest of $623, "with interest accruing at 1 percent per month," and attorney fees. The principal amount claimed due was the alleged premium on a one-year policy of workers' compensation insurance. Following a

bench trial, judgment was entered in favor of appellee for the full principal amount ($5192) plus interest of $623; neither interest at 1 percent per month nor attorney fees were awarded. This appeal arises following the entry by the trial court of findings of fact and conclusions of law. See *C & H Couriers v. American Mut. Ins. Co.*, 166 Ga. App. 853 (305 SE2d 500) (1983).

1. Appellant's five enumerations of error essentially challenge the sufficiency of the evidence to support the verdict. As to the principal amount, our review of the record evidence in this case supports the trial court's findings, notwithstanding the presence of some evidence to the contrary. See generally *Weeter v. Holt*, 143 Ga. App. 664 (239 SE2d 552) (1977); *Associated Distrib. v. McBee*, 140 Ga. App. 433 (231 SE2d 449) (1976). See also *Farmer v. Ryder Truck Lines, Inc.*, 245 Ga. 734 (266 SE2d 922), cert. den., 449 U. S. 885 (1980). There thus is no merit in appellant's assertion of error in the trial court's adoption of findings of fact and conclusions of law prepared by counsel for appellee in this regard. See *North Fulton Community Hosp. v. State Health Planning &c. Agency*, 168 Ga. App. 801, 810 (310 SE2d 764) (1983).

We note in passing that under the facts in this case appellant was required to provide workers' compensation insurance for *all* its employees, not just its clerical staff (OCGA §§ 34-9-120 and 121) and, thus, the policy provided by appellee was likewise required to cover *all* of appellant's employees. Rule 121 (a), Rules and Regulations of the State Board of Workers' Compensation. Also, the evidence at trial which was objected to by appellant as being self-serving and hearsay was properly admitted under OCGA § 24-3-14. See *Whitehead v. Joiner*, 234 Ga. 457 (3) (216 SE2d 317) (1975); *Horton v. Diamond Auto Parts &c.*, 158 Ga. App. 750 (2) (282 SE2d 207) (1981); cf. *Nationwide Mut. Ins. Co. v. Ware*, 140 Ga. App. 660 (1b) (231 SE2d 556) (1976).

2. As to the amount of interest awarded, $623, the record is totally devoid of any evidence in support of such an award. The subject policy of insurance contains no provisions for interest upon the unpaid premium. However, pursuant to OCGA § 7-4-16, appellee was entitled under the circumstances in this case to charge interest "at a rate not in excess of 1-½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid." See *McNair v. Gold Kist*, 166 Ga. App. 782 (1) (305 SE2d 478) (1983); *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (2) (296 SE2d 154) (1982). Although appellee's complaint included a prayer for interest on the unpaid premium at the rate of 1 percent per month, apparently pursuant to OCGA § 7-4-16 (compare *Prince v. Lee Roofing Co.*, 161 Ga. App. 181 (3) (288 SE2d 135) (1982)), no such interest was awarded by the trial court and appellee filed no appeal

on this ground. Accordingly, that portion of the judgment awarding $623 in interest is reversed.

*Judgment affirmed in part; reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 11, 1984.

*James L. Flemister, Noah J. Stone*, for appellant.
*Alan E. Cohen, Margaret Jo Reilly*, for appellee.