## 69569. BLUE v. R. L. GLOSSON CONTRACTING, INC.
### (327 SE2d 582)

BIRDSONG, Presiding Judge.

Defendant, Charles A. Blue, appeals from the grant of summary judgment to the plaintiff, R. L. Glosson Contracting, Inc. Blue contracted with Glosson on June 21, 1979, for the "turn-key construction of a residence" according to plans and specifications attached to the

contract, for "cost plus $10,000.00 — total cost not to exceed $85,000.00." Glosson, in his affidavit, stated that the house was constructed at a cost of $62,089.64, and that he did additional work requested by Blue at a cost of $3,160, and those amounts plus $10,000 amounted to $75,249.64. Glosson withdrew certain amounts from the bank where Blue had taken out a construction loan. He received $61,440.00 from the bank, leaving an amount due of $13,809.64. Blue refused to pay. Glosson also alleged that Blue's action caused it unnecessary trouble and expense and claimed attorney fees. Glosson moved for and was granted summary judgment. Blue brings this appeal. *Held*:

1. Glosson, in its brief, cites us to the depositions of Blue and R. L. Glosson, the president of Glosson Contracting. Defendant Blue, in his notice of appeal, directed the clerk to "omit *nothing* from the record on Appeal." The record does not contain either deposition. A brief cannot be used in lieu of the record or transcript for adding evidence to the record. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840); *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 71 (207 SE2d 543); *Maloy v. Dixon*, 127 Ga. App. 151, 154 (193 SE2d 19). We must take our evidence from the record and not from the brief of either party. Testimony attributed to the depositions of Glosson and Blue will not be considered.

2. Plaintiff's complaint alleged that it "constructed said house as agreed." Glosson's affidavit claims Glosson "constructed said house for Mr. Blue in accordance with its agreement. . . ." The agreement called for "turn-key" construction. "In essence this means a project in which all the owner need do is 'turn the key' in the lock to open the building with nothing remaining to be done and all the risks to be assumed by the contractor." *Glassman Constr. Co. v. Maryland City Plaza*, 371 FSupp. 1154, 1157-1158 (D.C. Md. 1974); accord *First Nat. Bank of Aberdeen v. Indian Indus.*, 600 F2d 702, 704 (fn. 3) (8th Cir. 1979). The industry usage of that term would be controlling, Restatement, Contracts 2d, § 222 (3); accord *Gantt v. Van der Hoek*, 251 S. C. 307 (1) (162 SE2d 267).

"There is a duty implied in every construction contract ' "to perform it skilfully, carefully, diligently, and in a workmanlike manner." (Cits.) . . . "[W]hether the defendant exercised the required degree of skill is, like any other question of fact, to be decided by a jury." ' " *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802, 803 (275 SE2d 380); accord *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521 (5) (301 SE2d 688).

During the construction of the house, it was determined that Glosson had placed the garage on the opposite end of the house than called for by the plans, and defendant contended "the additional cost created by this error he tried to tack onto my contractual obligation."

Blue stated in his affidavit that at the time Mr. Glosson abandoned the job "the following requirements had not been performed by him, to wit: (a) the garage was still structurally defective and had to be braced up; (b) tile work in the bath and kitchen had to be completed; (c) the basement leaked and a well and sump pump had to be installed; (d) the subfloor had to be renailed and glued; (e) the living room had too much span between supports which caused the floor to bounce and a large beam had to be installed in order to brace the floor up; (f) the back porch required additional support because it was not braced; (g) the subfloor was not nailed down; (h) locks in the house did not work; (i) doors were dragging the floor; (j) half of the bathroom tile work was not completed; (k) the basement walls leaked because of improper installation of drain tile; (l) the roof leaked because the shingles were not properly installed; (m) the house was not properly caulked; (n) the side weather boarding was not nailed properly; (o) carpet had to be ripped up and reinstalled because of the faulty subflooring work; (p) the attic insulation was only partially completed; (q) there was [sic] spike holes in the outside siding; (r) plumbing was improperly installed causing stoppage; (s) lights in the kitchen were not working; (t) there was no natural gas hooked up to the house; (u) there was no hot water; (v) there was no electricity serving the house; (w) the kitchen stove was not installed but still in the crate; and (x) the landscaping had not been done."

The allegations contained in Blue's affidavit as to the quality and incompleteness of construction is supported by the affidavit of his expert, Hubert Watson, who had 35 to 40 years in the construction business. Watson was paid more than $3,000 to correct deficiencies in the house. Blue claimed that "Glosson's failure to perform reasonably, adequately, and in a workmanlike manner under the contract and his premature abandonment of the construction of [his] home forced [him] to expend more than the original contract price of his house."

On motions for summary judgment, the movant has the burden and the opposing party is given the benefit of the pleadings, the evidence, and all reasonable doubts and favorable inferences which may be drawn therefrom. *Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278, 279 (291 SE2d 13). Hence, the burden is on the movant-plaintiff to establish the lack of any genuine issue of fact and the right to judgment as a matter of law, and any doubt as to the existence of an issue is resolved against movant. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (1) (126 SE2d 442). On summary judgment the court cannot consider the credibility of a witness or his affidavit; this is for the jury. *Capital Auto. Co. v. Gen. Motors Acceptance Corp.*, 119 Ga. App. 186 (2) (166 SE2d 584); accord *Ginn v. Morgan*, 225 Ga. 192, 193 (167 SE2d 393). The cardinal rule of the summary judgment procedure is that a trial court can neither resolve the facts as stated, nor reconcile the issues,

but may only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179). In the instant case, it is clear that the affidavits of Blue and Watson established an issue of whether Glosson completed the construction of the house and whether it was performed in a skillful, careful and workmanlike manner. The trial court erred in granting summary judgment to the plaintiff.

*Judgment reversed. Carley, J., concurs in Division 2 and in the judgment. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 4, 1985.

*D. William Garrett, Jr.*, for appellant.
*Carol V. Clark*, for appellee.