75869. SPEARS v. ALLIED ENGINEERING ASSOCIATES, INC.
(368 SE2d 818)

BENHAM, Judge.

Spears hired Allied Engineering Associates, Inc. ("Allied") to perform topographic field surveys and other engineering services. After the work was performed, Allied sent Spears two invoices that stated the work done, the rates charged, and the number of hours expended by the various persons who performed the work. Spears did not pay the invoices and Allied filed suit to recover the fees it claimed. After discovery Allied filed a motion for summary judgment and the trial court granted it, holding Spears liable for the amount due plus 18 percent interest accruing thereon from the date of demand. Spears appeals from that judgment.

1. In his first enumeration of error, Spears, while conceding liability, contends that the record contains competent opinion evidence that the hours expended and the amount of the charges for the services rendered were excessive, and therefore an issue of fact remained whether those charges were reasonable. We agree. The affidavit of Allied's vice president in charge of Engineering states that the services were performed and that the invoices were reasonable and in accordance with the prevailing rates for such professional services in the area in question. Spears filed a responsive affidavit in which he avers that, based on his experience as a developer and builder, the hours expended and resulting charges were excessive and not in line with charges for similar work in the area in question. In reviewing the record, it appears that although the parties agreed on the hourly rate to be charged for the services of the various engineers and other workers, there is still a factual dispute over the number of hours it actually took or should have taken for the work to be performed. Therefore, summary judgment was inappropriate as to the amount Spears owed Allied. *O'Kelley v. Evans*, 224 Ga. 49 (3) (159 SE2d 418) (1968).

2. Spears also argues that the trial court erred in granting appellee pre-judgment interest at 18 percent based on OCGA § 7-4-16, the statute section that allows a maximum of 18 percent annual interest on commercial accounts, because neither the agreement between Spears and Allied nor the invoices from Allied specified that interest would be charged on past due amounts. If the rate allowed under OCGA § 7-4-16 is sought before trial, the trial court is authorized to grant prejudgment interest at that rate. *Belvin v. Houston Fertilizer &c. Co.*, 169 Ga. App. 100 (1) (311 SE2d 526) (1983); *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (2) (296 SE2d 154) (1982).

However, the request must specify the interest rate sought. See *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253 (2) (342 SE2d 694) (1986), and *Prince v. Lee Roofing Co.*, 161 Ga. App. 181 (3) (288 SE2d 135) (1982), relied upon by Spears. In *Gold Kist*, the complainant's prayer for relief sought "interest on sums owed from June 23, 1982" without specifying the rate thereof. This court held that the commercial rate of interest could not be recovered, stating that "recovery of pre-judgment interest pursuant to OCGA § 7-4-16 requires a pre-trial invocation of the applicability of that provision. [Cits.]" Id. at 256. In *Prince*, supra, the supplier of goods and services made no attempt to charge interest prior to trial, and only prayed for "interest and costs" without naming the interest rate sued for. The supplier was not allowed to recover at the commercial rate. In its complaint, Allied sought "interest as allowed by Georgia law for commercial accounts" as part of its prayer for relief. By doing so, Allied invoked OCGA § 7-4-16, but it did not specify the exact rate at which interest was to accrue under that section. In other words, it was not clear whether Allied was seeking 1.5 percent interest per month, the maximum allowable rate for commercial accounts, or some lesser rate which also would have been proper under the statute. See *C & H Couriers v. American Mut. Ins. Co.*, 170 Ga. App. 684 (2) (318 SE2d 77) (1984). In the absence of such specificity, the trial court erred in entering judgment against Spears for the maximum rate.

Moreover, in light of our conclusion in Division 1 of this opinion that there remains a question of fact as to the amount of money Spears owes Allied, the damages are no longer liquidated; thus, an award of pre-judgment interest would not be authorized. OCGA § 7-4-15; *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48 (3) (305 SE2d 864) (1983).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1988.

*John G. Haubenreich*, for appellant.
*Keenan G. Loomis*, for appellee.