76543. IN RE HOLLY.
(372 SE2d 479)

SOGNIER, Judge.

A petition was filed by the Georgia Mental Health Institute (GMHI) pursuant to OCGA § 37-3-81 for a determination whether Rhonda Holly, an involuntary patient in the petitioning treatment facility, should be retained for involuntary treatment. After an evidentiary hearing in which Holly was represented by court-appointed counsel, the hearing officer appointed by the DeKalb County Probate Court found Holly met the statutory criteria requiring involuntary treatment as set out under OCGA § 37-3-1 (12) and entered a retention order. Holly, still represented by counsel, appealed this order to the Superior Court of DeKalb County pursuant to OCGA §§ 37-3-150 and 5-3-2. After receiving and considering the evidence pursuant to a de novo investigation, OCGA § 5-3-29, the superior court found that Holly is mentally ill with a diagnosis of bipolar disorder manic type and borderline personality disorder; that she presents a substantial risk of harm to herself and others; and that commitment to an inpatient treatment facility is the least restrictive appropriate setting for

her treatment. Having found Holly met the statutory criteria for involuntary treatment under OCGA § 37-3-1 (12), the superior court affirmed the retention order. While Holly included in her hand-written notice of appeal from the superior court's order a statement of her intention to retain her right to replace court-appointed counsel, both Holly's enumeration of error and brief were filed by the attorney representing Holly in the hearings below.

Holly contends in her sole enumeration that the superior court erred by affirming the retention order in that GMHI failed to meet its burden of proving by clear and convincing evidence that Holly met the statutory criteria for committal. To address the validity of this enumeration, it is necessary to examine the transcript of the hearing in order to determine whether GMHI met its evidentiary burden. However, no transcript of evidence presented during the hearing was requested or transmitted to this court. "[T]he burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. [Cits.] . . . '(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. [Cits.] . . .' [Cit.]" *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986). Although Holly asserts in her brief and in her other communications with this court that the physicians who testified at the hearing were not telling the truth and that not one shred of clear and convincing evidence was presented to support the superior court's findings, it is well established that "[a] brief cannot be used in lieu of the record or transcript for adding evidence to the record. [Cits.] We must take our evidence from the record and not from the brief of either party." *Blue v. R. L. Glosson Contracting*, 173 Ga. App. 622, 623 (1) (327 SE2d 582) (1985). Since in the absence of a transcript or other appropriate substitute, OCGA § 5-6-41 (g), an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984), we are constrained to affirm the superior court's order.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Robin S. Nash*, for appellant.
*Jefferson J. Davis, Roberta H. Schulte*, for appellee.