## A89A0047. BRYGIDER v. ATKINSON.
(385 SE2d 95)

BEASLEY, Judge.

Brygider, a former client of attorney Atkinson, appeals the grant of summary judgment to Atkinson in this suit over unpaid attorney fees.

Recovery was sought under three theories, but the motion for summary judgment is based only on Count One, breach of an oral contract.

The controversy for which Atkinson was hired involved a product, a "guardfather" produced by Bingham, Ltd., of which Brygider was president. The Federal Bureau of Investigation contended that the device was an illegal switchblade knife. It looked like a ballpoint pen but had a button which, when pushed, caused an icepick-like shaft to emerge and lock into place. Brygider does not dispute that there was a contract of employment, but rather that Atkinson was retained by him as an individual as opposed to a corporate officer. He also disputes the reasonableness of the fees.

The government was granted summary judgment in the federal suit on the ground there was no justiciable case or controversy. This was reversed on appeal to the Eleventh Circuit in 1985. A second motion for summary judgment was made and granted to the government on the merits, resulting in a second appeal.

Brygider paid the bill resulting from the first appeal through May 1986, but when he was billed after the second brief was filed, he took exception to the $5,000 charge for the second appeal and contended that the first brief was merely "reworked" for the second. Also, approximately $3,000 in past due billings from the first appeal appeared on that bill. The briefs themselves are in the record and do reflect some overlap. Brygider contends that, while he did authorize the filing of the second appeal, there was a $2,000 fee cap for it.

Atkinson moved for summary judgment. His supporting affidavit included: "I state that the sum of $5,000.00 to brief an appeal in the United States Court of Appeals is a reasonable attorney fee for a case of the nature of the one performed by me for the benefit of Mr. Brygider. In my opinion a fee of $10,000 for such an appeal would not be unreasonable. . . . All services rendered by me were reasonable and necessary to adequately represent Mr. Brygider." Also included was a statement of Atkinson's experience as an attorney, as a basis for his opinions as to the fee's reasonableness.

In his opposing affidavit, Brygider stated he had substantial expertise, as president of Bingham, Ltd., in the reasonableness of attorney fees. "This expertise has been acquired in the course of 15 years of business practice. I have supervised and reviewed the billing of numerous attorneys, including [Atkinson], and have become familiar with the practices in Georgia regarding such fees, and the standards of reasonableness applied in determining such fees. I have reviewed the fees . . . in this case, and I have the opinion that they are unreasonable." Six bases were set out for the conclusion, including the overlap in the two briefs, charges made for such items as "familiarization with rules which should already have been familiar," and that the time spent and fee charged were beyond his specific authorization.

Although Atkinson states in his brief that he objected to Brygider's affidavit, no hearing transcript or other evidence of such objection is in the record. "A brief cannot be used in lieu of the record or transcript for adding evidence to the record. [Cits.] We must take our evidence from the record and not from the brief of either party." *Blue v. R. L. Glosson Contracting*, 173 Ga. App. 622, 623 (1) (327 SE2d 582) (1985); *In re Holly*, 188 Ga. App. 202, 203 (372 SE2d 479) (1988); see *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982). Nevertheless, whether he objected or not, the legal efficacy of the affidavit would still have to be determined on appeal on addressing the summary judgment issue.

The trial court was bound to construe the evidence in favor of Brygider, the party opposing the motion. *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981); *Mitchell v. Rainey*, 187 Ga. App. 510, 512 (370 SE2d 673) (1988). Summary judgment was appropriate only if there was no genuine issue as to any material fact and the law demanded judgment for Atkinson. OCGA § 9-11-56 (c).

It would have been demanded only if there was no dispute that Atkinson and Brygider had agreed that Atkinson was to spend as much time as reasonable to produce the second brief; that there was no cap on the fee; and that $5,000 was reasonable. There is clearly a dispute as to the first two items, with Brygider stating he did place a cap and Atkinson stating he did not. This matter of credibility is peculiarly for the jury. OCGA § 24-9-80. Also, the fact that two opinions have been given as to the reasonableness of the fee itself, defeats summary judgment.

"[W]hen the evidence on a dispositive issue consists of opinion evidence, such evidence alone can never sustain an award of summary judgment. [Cits.] Introduction of opinion evidence by the non-moving party, however, . . . can be sufficient to *preclude* an award of summary judgment. [Cits.]" *Scott v. Owens-Illinois*, 173 Ga. App. 19, 22 (2) (325 SE2d 402) (1984); *Bryan v. Bryan*, 248 Ga. 312 (282 SE2d 892) (1981); *Dickson v. Dickson*, 238 Ga. 672, 674 (2) (235 SE2d 479) (1977); *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 349 (1) (356 SE2d 30) (1987).

This case is similar to *Spears v. Allied Engineering Assoc.*, 186 Ga. App. 878 (368 SE2d 818) (1988). Spears, a developer and builder, hired Allied to perform engineering services. Although the hourly rate for the services had been agreed upon, there was a "factual dispute over the number of hours it actually took or should have taken for the work to be performed. Therefore, summary judgment was inappropriate as to the amount Spears owed Allied. [Cit.]" Spears' affidavit based on his experience as a builder and developer, expressed his opinion that the hours expended and the charges made for engineering services were excessive. Brygider, based on his experience as a businessman and his previous dealings with attorneys, expressed his opinion that the hours and charges were excessive. This sufficed to defeat summary judgment.

*Judgment reversed. McMurray, P. J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I agree with the majority that summary judgment was improper because there were genuine issues of material fact as to the terms and conditions of the contract between the client and the attorney. I do not agree with the majority that *Spears v. Allied Engineering Assoc.*

186 Ga. App. 878 (368 SE2d 818) (1988) is applicable to this case in such a manner as to require a finding that the affidavit of the client is sufficient to raise an issue as to the "reasonableness" of the fee. However, there being a genuine issue as to the terms of the contract between the parties, summary judgment was improper.

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 25, 1989 —

*King, Morriss, Talansky & Witcher, Joseph H. King, Jr.,* for appellant.

*Tyrus B. Atkinson, Jr.,* pro se.