A90A1182. BARLOW v. ORKIN EXTERMINATING COMPANY, INC.
(397 SE2d 170)

BIRDSONG, Judge.

Rosa Barlow sued Orkin Exterminating Company, Inc., for injuries she sustained in a fall while Orkin's employee was spraying Ms. Barlow's employer's home. The trial court granted summary judgment to Orkin.

Ms. Barlow was housekeeper for the Beckett family. She was alone at the house when the Orkin employee arrived to spray for fleas. While the employee was spraying in the hall upstairs, Ms. Barlow ex-

ited the room at the top of three or four steps, with an armload of laundry. Her foot slipped on the top step which was hardwood, and she slid or fell down three carpeted steps onto the kitchen floor, and just kept slipping on something wet and could not break her fall. The floor was wet all around her; she had mopped earlier in the day and the area had inferably dried, for she stated this wetness did not come from mopping. Evidently, she had not spilled anything and she knew no other reason the floor and steps should be wet except that they had been sprayed with Orkin's chemical, about which she had not been warned.

Orkin's employee had been servicing the Beckett house at regular intervals for at least two and one-half years, during which time Ms. Barlow had been at the house and let Orkin's employee in to spray the house for fleas. (The Becketts had three dogs and three cats.) Orkin disputed entirely Ms. Barlow's version of events and said its employee had not even sprayed that area where Ms. Barlow fell, because their employees routinely start at the back of the house and move circularly forward to keep from retracing. When Ms. Barlow fell, the employee was spraying behind her towards the back of the hallway leading to the master bedroom.

Orkin asserted that it sprays only carpet where pests abide and that it never sprays hardwood flooring or tile, because pests do not harbor there, and because the chemical would leave a wet area where sprayed. *Held*:

As to the defendant's motion for summary judgment, the burden of proof is always on the movant, even with respect to issues on which the plaintiff would have the burden of proof at trial; the trial court must construe the evidence in favor of the opposing party, and even mere opinion evidence by the opposing party can be sufficient to *preclude* an award of summary judgment. *Brygider v. Atkinson*, 192 Ga. App. 424, 426 (385 SE2d 95). On motion for summary judgment, all doubts as to evidence and the benefit of any conflict are to be indulged in favor of the opposing party and construed against the movant. *Gaylor v. Jay &c. Chrysler-Plymouth-Dodge*, 183 Ga. App. 255, 256 (358 SE2d 655). If the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion. *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664).

According to these principles, at the level of summary judgment the trial court must construe the evidence, and inferences therefrom, according to Ms. Barlow's version. In this posture, the evidence shows that Ms. Barlow slipped on a wet substance which was on the kitchen floor, and perhaps on the top wooden stair; she was the only person in the house, besides the exterminator who was spraying chemicals. She

knew she did not place the wet substance on the floor, because she had mopped earlier in the day and the floor would have been dry. In her opinion, the wet substance could not be anything other than the chemical being sprayed by the Orkin employee. In fact, the Orkin employee was spraying behind her when she fell, and had his back towards the stairs. She did not smell the chemical; she had an armload of dirty laundry. Orkin's employee did not warn her about watching her step or as to where he had sprayed. The jury could find from the evidence that Orkin's employee did either inadvertently or knowingly spray chemicals onto the wood stair and the kitchen floor around the staircase while he sprayed the carpet. This is the construction of the case in favor of the opposing party, Ms. Barlow.

Ms. Barlow was in the habit, for two and one-half years, of going about her duties whenever the Orkin man came to spray. On the question of negligence, and Ms. Barlow's own exercise of care, we think an inference favorable to Ms. Barlow and unfavorable to Orkin could be drawn from Orkin's evidence that it *habitually did not spray wood or tile floors,* and the evidence that Ms. Barlow had always been able to go about her work during spraying in the past. That is, it may be inferred that *based upon her own previous experience and Orkin's exercise of due care in the past, Ms. Barlow had no reason to expect that the chemical spray might on this occasion have been applied to the wood stair and/or the tile kitchen floor.*

Thus a jury question clearly arises as whether Orkin, in applying or allowing chemical spray to be applied to the kitchen floor and/or wood step (which are inferences of fact we must indulge in the respondent's favor) was negligent; and in view of the fact, admitted by Orkin, that Orkin customarily did not spray any floor surface but carpet, and with the evidence that for the two and one-half years Orkin had been treating the Beckett residence, the plaintiff was thus able to go about her duties as usual, the issue arises whether she did so with a commensurate degree of ordinary care on that day.

Accordingly, the facts must be resolved by a jury.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Steven L. Beard,* for appellant.

*Jay M. Barber, Decker & Hallman, W. Winston Briggs, Richard P. Decker,* for appellee.