A94A0544. MORGAN et al. v. BRAASCH et al.
(446 SE2d 746)

ANDREWS, Judge.

Morgan and his employer, Dickies Industrial Services, appeal from the grant of partial summary judgment on the issue of liability to plaintiffs Braasch.[1]

The evidence is viewed in favor of Morgan and Dickies, opponents of summary judgment. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So viewed, it showed

---

[1] She sued for personal injuries and her husband sued for loss of consortium.

that around 11:05 a.m. on March 16, 1989, Braasch was driving a manual shift Ford pickup truck about a mile from her home on Castleberry Road. She drove this road two or three times a day and was familiar with it. The intersection of Castleberry and Bethelview Roads is controlled by four-way stop signs. The stop sign on Braasch's side is located 27.8 feet from the edge of Bethelview. Braasch testified that she stopped at the sign, rolled up both windows in the truck, looked to her left, saw nothing, looked to her right and observed a red pickup slowing down and beginning to stop as it approached its stop sign. She again looked to her left and, seeing nothing, proceeded into the intersection in first gear.

Morgan was a deliveryman for Dickies and was driving his own Ford pickup that day because of mechanical problems with the company truck. His route required him to travel Bethelview frequently. That morning, he had made one delivery and was proceeding east on Bethelview. In his answers to requests for admission, Morgan admitted that he did not stop his vehicle at the stop sign before entering the intersection. He testified that he was going about 40 mph when he entered the intersection. He did hit the brakes "[w]hen I saw her out in front of me." He hit Braasch in the driver's door, causing her serious injuries. The impact occurred 16 feet from the junction of the south side of Bethelview with the east side of Castleberry. Morgan did not know why he ran the stop sign and pled guilty to a violation of OCGA § 40-6-72.

Dickies admitted that Morgan was its employee and was acting in the scope and course of his employment at the time of the wreck.

In opposition to the motion for partial summary judgment, defendants submitted the affidavit of Blake Wood, a registered mechanical engineer. He had examined the accident scene, the vehicles, the police report, and the Braasch and Morgan depositions. His investigation revealed the measurements of the intersection and that a driver going north on Castleberry has an unobstructed view for eastbound traffic from the stop sign. He opined that Braasch was going 14 mph at the time of impact and that she "could not have attained [that] speed before the impact in the approximate 16 feet available *if she had proceeded forward after stopping at the point nearest the intersecting roadway of Bethelview Road.*" (Emphasis supplied.)

He further opined that "Braasch's speed of 14 miles per hour at the moment of impact is consistent with Ms. Braasch not properly stopping at the intersection before proceeding into the intersection or with Ms. Braasch making a rolling stop *through the point nearest the intersection of Castleberry Road and Bethelview Road.*" (Emphasis supplied.) Also, Wood opined that Morgan's truck "would have been visible to Braasch prior to her entering the intersection if she had looked to her left before proceeding into the intersection."

The court assumed the facts above and held that "even if . . . Braasch did see or could have seen defendant Morgan approaching the intersection from her left, defendants have failed to produce any evidence establishing that such approach would have warranted her taking any evasive or defensive action."

1. First, we note that while a summary judgment may not be granted solely on the basis of an opinion, introduction of opinion evidence by the non-moving party may be sufficient to preclude an award of summary judgment. E.g., *Bryan v. Bryan*, 248 Ga. 312 (282 SE2d 892) (1981); *Brygider v. Atkinson*, 192 Ga. App. 424, 426 (385 SE2d 95) (1989).

Here, however, the emphasized portions of Wood's affidavit, supra, were based on a factual assumption for which there was no evidence before the court. Braasch stated unequivocally that she stopped *at the stop sign*, not at the point 27.8 feet away at the edge of Bethelview.

2. The negligence per se of Morgan having been admitted, the defendants argue that there remain issues of material fact relating to proximate cause[2] and whether Braasch's negligence contributed to the accident, based on Wood's affidavit.

"In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. [Cits.]" *Hercules, Inc. v. Lewis*, 168 Ga. App. 688 (309 SE2d 865) (1983).

Here, the affidavit of Wood does not create a factual issue as to whether Braasch stopped at the stop sign, only a suggestion that she should have moved up further toward Bethelview Road before she stopped. It is unclear, however, what difference this would have made, since she had a clear line of sight from the stop sign.

"An inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citations and punctuation omitted.) *Derry v. Clements*, 197 Ga. App. 173, 174 (397 SE2d 594) (1990). See *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993).

Even if it is assumed that Braasch should have seen Morgan approaching, there is no evidence that she or anyone reasonably observing Morgan approach would have had any reason to anticipate that he was going to run the stop sign, nor is there any evidence to dispute

---

[2] See *Brandvain v. Ridgeview Institute*, 188 Ga. App. 106, 116 (3b) (372 SE2d 265) (1988).

that she had entered the intersection first. " 'A review of the record demonstrates that appellant produced *no* evidence to [create an issue of material fact] that, in the exercise of ordinary care, appellee [Braasch] could have avoided the collision after she saw or should have seen that [Morgan] had entered into the intersection *and* was crossing appellee's lane of traffic.' " *Leonard v. Miller*, 207 Ga. App. 602, 603 (2) (428 SE2d 646) (1993), quoting *Kicklighter v. Jones*, 202 Ga. App. 654, 655 (415 SE2d 302) (1992).

One who has the right-of-way may assume that others will obey the rules of the road absent some factual indicia that such is not the case. Id.; *Harrison v. Ellis*, 199 Ga. App. 199, 201 (404 SE2d 348) (1991). There were none here.[3]

Here, defendants failed to create a material dispute of fact that would have created a basis for denial of the partial summary judgment.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED JUNE 16, 1994 —
RECONSIDERATION DENIED JULY 20, 1994 

*Carter & Ansley, Christopher N. Shuman, Rebecca J. Schmidt,* for appellants.

*Clifford E. Alexander, Goodman, McGuffey, Aust & Lindsey, Jennifer M. Daniels, Nora E. Herndon,* for appellees.

---

[3] Even in the absence of stop signs, "[w]hen two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. . . ." OCGA § 40-6-70. See *Edmond v. Roberson*, 207 Ga. App. 101, 102 (1) (427 SE2d 74) (1993).