## A95A0840. SHONEY'S, INC. v. HUDSON.
### (460 SE2d 809)

POPE, Presiding Judge.

At dusk on Sunday, November 15, 1992, plaintiff Sue Hudson was injured when an unknown assailant attacked and robbed her in the parking lot of one of defendant Shoney's, Inc.'s restaurants located in Savannah, Georgia. Plaintiff filed a complaint against defendant alleging that it negligently maintained its premises and failed to provide adequate security for the protection of its patrons. Defendant answered the complaint denying liability and thereafter moved for summary judgment contending that the assailant's conduct was an unforeseeable criminal act for which it could not be held responsible. The case is before us on interlocutory appeal from the trial court's denial of defendant's motion. Construing the facts most favorably to plaintiff, we conclude that a jury issue remains as to any negligence on defendant's part and as to whether defendant had reason to anticipate the criminal attack. Thus, we affirm the trial court's judgment.

In support of its motion for summary judgment, defendant relied on testimony from two of its employees and the president of the restaurant next door to it. Defendant used this testimony in an attempt to demonstrate that the attack on plaintiff was not reasonably foreseeable because it was unaware of any prior substantially similar incidents on its property or any surrounding property. In opposition to this testimony, plaintiff relied on police printouts showing that between 1988 and 1992 fourteen other criminal offenses had been reported at defendant's address and that numerous other criminal offenses had been reported in the surrounding area. Plaintiff also relied on various police reports, and several affidavits, including one from a security expert (George Fedak) and one from a former management employee of defendant (Jeffrey Schroder), in support of its contention that summary judgment was inappropriate in this case.

1. Defendant contends that the trial court erred in considering the above-mentioned police reports. We disagree. The record demonstrates that the police reports were attached as exhibits to the deposition of a police officer, who was the custodian of the reports. "There can be no real doubt that the [reports] were business records and that the officer laid a proper foundation for [their] admission. . . . Thereafter, the officer simply laid before the [trial court] the contents of the [reports]. The fact that he had no personal knowledge of the entries on the [reports], after an appropriate foundation was laid, does not affect the admissibility of the evidence though it may go to its weight." (Citations omitted.) *Reed v. Heffernan*, 171 Ga. App. 83, 84 (1) (318 SE2d 700) (1984). Moreover, the trial court's reliance on the content of four of the reports, all of which involved incidents occurring on defendant's property, was not error because the information

contained in those reports "was merely cumulative of other evidence to the same effect." See *Johnson v. State*, 168 Ga. App. 271, 272 (1) (308 SE2d 681) (1983). Additionally, it appears that the trial court merely considered the remainder of the reports as reflective of an act, occurrence or event, in reaching its conclusion that an issue of fact existed regarding whether defendant knew that its restaurant was located in a "high crime" area. The reports were admissible for that purpose. Id. Consequently, we find no merit in the argument that the trial court erred in refusing to strike the reports from the record.

2. We also find no merit in defendant's contention that the trial court erred in denying its motion for summary judgment. It is undisputed in this case that plaintiff was a business invitee of defendant at the time of her attack. "A proprietor's duty to invitees is to exercise ordinary care in keeping the premises and approaches safe. The proprietor is not the insurer of the invitee's safety, but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. If the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters." (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991); see *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995). "Exactly what constitutes 'ordinary care' varies with the circumstances and the magnitude of the danger to be guarded against. Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in each particular case. But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm." (Citation and punctuation omitted.) *Matt v. Days Inns of America*, 212 Ga. App. 792, 794 (443 SE2d 290) (1994).

Evidence of substantially similar prior criminal acts may be used to demonstrate the existence of a recognizable risk of harm. As the trial court noted, defendant knew about at least four prior acts of violence at its restaurant.[1] The record shows that in 1990, at approximately 2:00 a.m., an armed man robbed defendant's manager in the parking lot of the restaurant. In 1991, a cashier was shot in the face during an armed robbery in which the gunman held the restaurant's patrons at bay by brandishing his weapon. As a result of these two incidents, defendant hired security to work at the restaurant, seven days a week, during the evening hours. But, the use of security guards was discontinued when defendant installed video cameras near the

---

[1] Shoney's store logs demonstrate that it was also aware of an armed robbery that occurred in June 1992 in the parking lot next door to its restaurant.

cash register in its new restaurant, which was built immediately adjacent to the old restaurant. The record also demonstrates that in 1992, another cashier was attacked and robbed within a few feet of the restaurant's front door. After this incident, defendant hired security for Friday and Saturday nights and to escort employees with bank deposits from the restaurant through the parking lot.

Defendant argues that the above incidents were not substantially similar to the attack and robbery of plaintiff and therefore that no recognizable risk of harm to plaintiff was foreseeable. We cannot agree. In determining whether a prior criminal act is substantially similar, we note that "substantially similar does not mean identical, and it is not a question whether a weapon was used, but whether the prior crimes should have put an ordinarily prudent person on notice that the [invitees] were facing increased risks. All that is required is that the prior incident be sufficient to attract the [proprietor's] attention to the dangerous condition which resulted in the litigated incident." (Citation and punctuation omitted.) *Matt*, 212 Ga. App. at 794.

Based on the above, it cannot be said that because none of the prior incidents was a robbery of a customer in the parking lot, said incidents were not substantially similar to the one involving plaintiff. Nor can it be said that the prior incidents are not substantially similar merely because plaintiff's assailant used physical force rather than a weapon during the robbery. "To reach that result would require the conclusion that a [restaurant] somehow would safeguard its [customers] differently to protect them from robberies by force and violence than from armed robberies, or protect them differently from armed robbers with firearms than those with knives, or protect [customers] differently from assaults than from armed robberies." Id. at 795. Additionally, under the rationale used in *Matt,* we reject any contention that the prior criminal acts in this case are not substantially similar as a matter of law because they were perpetrated against restaurant employees. To hold otherwise would require a conclusion that defendant would somehow protect its employees from robbery or attack differently than it would protect its customers. Consequently, we cannot conclude as a matter of law that the prior incidents on defendant's premises were not substantially similar to the incident at issue here.

Additionally, we note that a showing of prior similar incidents on a proprietor's premises is not always required to establish that a danger was reasonably foreseeable. "An absolute requirement of this nature would create the equivalent of a 'one free bite rule' for premises liability, even if the [proprietor] otherwise knew that the danger existed." *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 536 n. 2 (439 SE2d 746) (1993). In the instant case there is other evidence of record that defendant had knowledge that its customers were in dan-

ger of criminal attack at its restaurant. According to Schroder's affidavit testimony, it was common knowledge that the restaurant in question was located in the highest crime area of any of the Shoney's restaurants in Savannah. Schroder also testified that discussions involving upper level management took place before November 1992, during which defendant acknowledged that there was a potential for attacks on customers in the restaurant's parking lot. This testimony clearly presents an issue of material fact regarding whether the criminal attack on plaintiff was reasonably foreseeable.

In light of the above evidence, and construing all inferences therefrom in favor of plaintiff, we conclude that an issue of material fact remains regarding whether defendant was negligent in failing to provide adequate security for plaintiff's protection. We find further support for this conclusion in the affidavit testimony of plaintiff's expert, George Fedak. Specifically, Fedak testified that defendant should have provided uniformed security from dusk until closing time at the restaurant every day of the week. He also testified that in his opinion security guards should patrol the parking lot because it was located in a high crime area and was surrounded by areas of dark shadows. Although it is true that the grant of summary judgment cannot be supported by opinion evidence, "mere opinion evidence by the opposing party can be sufficient to *preclude* an award of summary judgment. *Brygider v. Atkinson*, 192 Ga. App. 424, 426 (385 SE2d 95) (1989)." *Barlow v. Orkin Exterminating Co.*, 196 Ga. App. 822, 823 (397 SE2d 170) (1990).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 — 

*Bouhan, Williams & Levy, Frank W. Seiler, Peter D. Muller*, for appellant.

*Jones, Boykin & Associates, Noble L. Boykin, Jr.*, for appellee.