A95A0894, A95A0895. PIGGLY WIGGLY SOUTHERN, INC.
v. SNOWDEN; and vice versa.
(464 SE2d 220)

POPE, Presiding Judge.

On a dark and rainy night, plaintiff Peggy June Snowden, a customer of defendant Piggly Wiggly Southern, Inc., was attacked in defendant's unlit parking lot. The attacker stabbed, beat, robbed, abducted, and sexually assaulted plaintiff, leaving her seriously injured, both physically and emotionally. A jury awarded plaintiff $800,000. In Case No. A95A0894, defendant challenges the denial of its motion for a directed verdict, as well as several of the trial court's rulings at trial. In Case No. A95A0895, plaintiff cross-appeals the trial court's denial of her request for pre-judgment interest.

*Case No. A95A0894*

1. Defendant first argues that its motion for a directed verdict should have been granted because it only had a duty to protect plaintiff from foreseeable criminal acts, and the absence of prior similar crimes made this criminal act unforeseeable as a matter of law. See *Savannah College of Art & Design ("SCAD") v. Roe*, 261 Ga. 764 (2) (409 SE2d 848) (1991).

(a) Defendant's assertion that there were no prior similar crimes is not supported by the record. A plaintiff must show that the criminal act he suffered was foreseeable, and such foreseeability may be established by evidence of one or more prior similar crimes. *SCAD*, 261 Ga. at 765. Because foreseeability of danger is the crux of this analysis, the prior similar crimes need not be identical to the criminal act suffered by the plaintiff: "the test is whether the prior criminal activity was sufficiently substantially similar to demonstrate the [proprietor's] knowledge that conditions on his property subjected his invitees to unreasonable risk of criminal attack." *Matt v. Days Inns of America*, 212 Ga. App. 792, 795 (443 SE2d 290) (1994), aff'd *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995).

Applying this test in a logical rather than a formalistic manner, the Supreme Court has held: (1) that a prior robbery by force was sufficiently similar to an armed robbery to create a triable issue of fact regarding foreseeability, see *Days Inns*, 265 Ga. at 236; and (2) that a purse snatching was sufficiently similar to a more serious physical attack to create a triable issue of fact regarding foreseeability, see *Lau's Corp. v. Haskins*, 261 Ga. 491 (1) (405 SE2d 474) (1991). But it has also held that peeping toms, vagrants, and petty thefts were not sufficiently similar to a sexual assault to give rise to a question of fact as to foreseeability. See *SCAD*, 261 Ga. 764 (2). Based on these cases, we consider the key to sufficient similarity to be not in the details of the crime or even in the degree of force used, but rather in the *nature* of the offense: was the prior incident also an offense against a person, or was it an offense against property or public morals? See *Matt*, 212 Ga. App. at 795.

In this case, one of defendant's assistant managers testified that he knew of approximately 17 purse snatchings which occurred prior to this incident and involved customers entering and leaving the store. He also stated that there were always loiterers outside the door, who would frequently harass customers as well as employees and would occasionally threaten violence. Although the attack on plaintiff was far more serious, these prior incidents outside defendant's store also involved confrontational attacks on persons, and thus were sufficiently similar to put defendant on notice of the unreasonable danger of criminal attack; the differences were merely of degree. See *Wilks v. Piggly Wiggly Southern*, 207 Ga. App. 842 (429 SE2d 322) (1993).

(b) Moreover, proving the occurrence of a prior similar crime is not the only way to establish foreseeability. See *Shoney's, Inc. v. Hudson*, 218 Ga. App. 171 (2) (460 SE2d 809) (1995); *Wallace v. Boys Club &c.*, 211 Ga. App. 534, 536, n. 2 (439 SE2d 746) (1993). Two of defendant's assistant managers testified that they considered the parking lot unsafe, that they had repeatedly suggested the hiring of a security guard, that male employees always walked female employees to their cars at night, and that they would not allow their wives to go to the store alone. Even in the absence of prior similar crimes, this testimony would have been sufficient to create a question of fact as to whether defendant knew or should have known about the unreasonable risk of criminal attack in its parking lot. See *Shoney's*, 218 Ga. App. at 173-174.

2. Defendant contends that its motion for new trial should have been granted because plaintiff had equal knowledge of the dangerous condition (i.e., she saw the parking lot was dark and nonetheless chose to get out of her car and go in the store). While plaintiff was aware of the darkness, however, there is no evidence that she was aware of the prior crimes in the parking lot. Cf. *Wilks*, 207 Ga. App.

at 844 (plaintiff's "gut feeling" of danger does not constitute equal knowledge of danger so as to preclude recovery).

3. In its third enumeration of error, defendant argues that the trial court erred in refusing to admit police statistics showing the number of violent crimes reported in the City of Albany, Georgia, for the year preceding plaintiff's attack, offered in response to plaintiff's evidence that the store was located in a "high crime" area. Because the statistical report was for the entire city, without breakdown by area, the trial court ruled that its relevance would be minimal and it would inject too many collateral issues into the trial. Even though the admission of questionable evidence is favored, " 'the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Barnwell v. State*, 197 Ga. App. 116, 118 (5) (397 SE2d 717) (1990). The trial court did not abuse its discretion in this case.

4. Defendant asserts that the trial court erred in admitting evidence of the prior purse snatchings. For the reasons discussed in Division 1 (a), the prior purse snatchings were relevant and evidence about them was properly admitted. *J. C. Penney Co. v. Spivey*, 215 Ga. App. 680 (452 SE2d 191) (1994), cited by defendant for the proposition that a prior crime must be almost identical to the instant one in order to be relevant on the foreseeability issue, is not binding precedent and represents a view rejected by the majority of this court in *Matt v. Days Inns*, 212 Ga. App. at 795.

5. Defendant next contends that the trial court should have granted its motion for mistrial after plaintiff's therapist mentioned in the course of her testimony that she had also counseled a woman who had been abducted from the parking lot of another Piggly Wiggly store. The trial court sustained defendant's objection and instructed the jurors that the witness's comment was irrelevant and entitled to no probative evidentiary value, and that they should totally disregard it. Moreover, the court admonished the witness to refrain from referring to incidents at other locations and directed plaintiff's counsel to refrain from eliciting testimony regarding such incidents. " '(W)here prejudicial matters have been presented to the jury, the trial court, in its discretion, may determine whether a mistrial is required or whether the giving of cautionary instructions to the jury is an adequate remedial device. The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with.' (Citations and punctuation omitted.) [Cit.]" *Bess v. State*, 207 Ga. App. 295, 296 (2) (427 SE2d 813) (1993); accord *Marriott Corp. v. American Academy of Psychotherapists*,

157 Ga. App. 497, 506 (4) (277 SE2d 785) (1981). The trial court did not abuse its discretion in denying the motion for mistrial here.

6. Defendant's challenges to the jury charge are also without merit. Defendant's Request to Charge No. 26, which stated that the defendant had to foresee the "very type" of criminal act which occurred in order to be liable, is an incorrect statement of law under *Matt v. Days Inns*, 212 Ga. App. at 795. Defendant's Requests to Charge Nos. 27 and 29 both dealt with foreseeability and were sufficiently covered in the general charge. And defendant's Request No. 32, stating that defendant could not be liable for a sudden attack, was not tailored to the evidence in the case and was potentially misleading.

### Case No. A95A0895

7. In her cross-appeal, plaintiff contends that the trial court erred in denying her motion to set aside the original judgment, which did not include pre-judgment interest, and enter a new one including pre-judgment interest of $42,500. We agree. Although the trial court correctly concluded that the omission of pre-judgment interest was not a clerical mistake which could be corrected under OCGA § 9-11-60 (g), the court nonetheless had inherent power to amend the judgment because the motion was made in the same term in which the original judgment was entered. See *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979); *Cagle v. Dixon*, 234 Ga. 698 (217 SE2d 598) (1975).[1] Moreover, since plaintiff demonstrated that she had complied with the requirements of the Unliquidated Damages Interest Act, OCGA § 51-12-14, and that statute provides that a plaintiff who complies with its requirements "shall be entitled" to pre-judgment interest, the trial court abused its discretion by not exercising its inherent power to amend its judgment within the term.

*Judgment affirmed in Case No. A95A0894. Judgment reversed in Case No. A95A0895. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED NOVEMBER 27, 1995 —

*Hodges, Erwin, Hedrick & Coleman, William A. Erwin*, for appellant.

---

[1] Although the original judgment was based on a jury verdict, the subject of plaintiff's motion to amend (i.e., the issue of pre-judgment interest) was a question for the court. See OCGA § 51-12-14 (d). Accordingly, the requested amendment does not go to the validity of the jury verdict, and the proviso that a trial court's inherent power to amend within the term does not extend to jury verdicts does not apply. Cf. *Edwards v. Yelverton*, 147 Ga. App. 525 (249 SE2d 334) (1978).

*Custer & Custer, Henry C. Custer, Cawthon H. Custer, Charles A. Gower*, for appellee.