A96A1987. WHITMORE et al. v. FIRST FEDERAL SAVINGS BANK OF BRUNSWICK.
(484 SE2d 708)

POPE, Presiding Judge.

On August 30, 1992, at approximately 10:00 p.m., Wayne Whitmore went to make a night deposit for his employer at one of First Federal Savings Bank of Brunswick, Georgia's branches. As Whitmore slowed his car to cross a speed bump on the driveway to the night depository, he noticed a blur in his rear-view mirror. A man armed with a gun then entered Whitmore's car and ordered Whitmore to drive to a designated location. Once at that location, the gunman shot Whitmore twice and took his car and the deposit money. Subsequently, Whitmore and his wife filed a complaint against First Federal alleging that it negligently maintained its premises and failed to take reasonable precautions to protect Whitmore from reasonably foreseeable criminal acts of third persons. First Federal answered the complaint denying liability and later moved for summary judgment contending that the assailant's conduct was an unforeseeable criminal act for which it could not be held liable. The trial court agreed and granted First Federal's motion. Finding no error in the trial court's ruling, we affirm.

1. In order for a plaintiff to prevail against a proprietor for injuries incurred as the result of a criminal act committed by a third party on the proprietor's premises, a plaintiff must first show that the criminal act was reasonably foreseeable. *Savannah College of Art*

*&c. v. Roe,* 261 Ga. 764, 765 (2) (409 SE2d 848) (1991); *Lau's Corp. v. Haskins,* 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). One way of demonstrating this is through the presentation of evidence of prior substantially similar crimes. *Roe,* 261 Ga. at 765. In this case, in response to First Federal's motion for summary judgment, the Whitmores produced evidence of First Federal's actual knowledge of one criminal act committed in its parking lot, as well as numerous police reports and printouts of criminal acts in the vicinity, in an effort to demonstrate the existence of prior substantially similar crimes. As the trial court concluded, however, none of the above created an issue of material fact in this case as to whether the attack on Whitmore was reasonably foreseeable.

A review of the record shows that the sole prior criminal act occurring on First Federal's property clearly was not substantially similar to the attack on Whitmore. Specifically, the crime involved the theft of a bag of money from an unlocked, unattended car in First Federal's parking lot. As such, it was a property crime and not a crime against a person. As we held in *Matt v. Days Inns of America,* 212 Ga. App. 792, 795 (443 SE2d 290) (1994), similarity must be examined with regard to the nature of the crimes in question, and offenses against property or public morals are not substantially similar in nature to offenses against a person. See *Piggly Wiggly Southern v. Snowden,* 219 Ga. App. 148, 149 (1) (464 SE2d 220) (1995). For this reason, any property crimes allegedly committed in nearby areas also cannot be viewed as prior substantially similar crimes.

With regard to the police reports and printouts, although it is true they demonstrate that certain crimes of violence occurred in the area surrounding the bank over a two year period, they do not demonstrate that First Federal had any knowledge concerning such crimes. As the Supreme Court of Georgia held in *Sun Trust Banks v. Killebrew,* 266 Ga. 109 (464 SE2d 207) (1995), "[t]here is no authority in this State imposing a duty upon a property owner to investigate police files to determine whether criminal activities have occurred on its premises [or elsewhere]." Absent such a duty or actual knowledge of the incidents, the reports and printouts do not create a material issue of fact regarding whether First Federal had reasonable grounds to foresee the criminal attack on Whitmore. Id. at 110.

The mere fact that one of First Federal's vice presidents had some vague recollection of having read something about muggings in a nearby parking lot also does not create an issue of material fact as to the foreseeability of the attack in this case. Such vague, equivocal, unsubstantiated recollection, which itself was based on hearsay, does not amount to credible evidence of First Federal's knowledge of prior substantially similar criminal acts. See *Hall v. Cracker Barrel Old Country Store,* 223 Ga. App. 88, 92 (476 SE2d 789) (1996). Nor does

knowledge on the part of First Federal's employees of incidents occurring in areas far removed from the vicinity of the bank, because such incidents, based on their lack of spatial proximity, are not representative of, and thus not substantially similar to, incidents that may occur at the bank.

2. Having determined that the Whitmores cannot demonstrate through the existence of prior substantially similar criminal acts that an issue of material fact exists regarding foreseeability on First Federal's part as to the attack on Whitmore, we now turn to the Whitmores' claim that such an issue of fact exists based on the general knowledge within the banking community that ATMs and night depositories are dangerous. As Justice Sears notes in her special concurrence in *Killebrew*, the dangers of ATMs are well known. 266 Ga. 109, 110. In the face of this well documented reality, it would be difficult to say that a criminal occurrence at an ATM, or, due to their similarity, a night depository, is unforeseeable as a matter of law. Such a conclusion clearly could only be reached by turning "foreseeability" into a legal term of art totally divorced from its everyday meaning and usage. Thus, based on the generally recognized danger associated with ATMs and night depositories, we conclude that there is an issue of material fact regarding foreseeability in this case. Having reached this conclusion, we nevertheless hold that summary judgment was appropriate.

In cases like this, a plaintiff must show that the proprietor had a duty to protect him, and the existence of that duty depends not just on foreseeability, but also on *superior knowledge*. See *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995); *Lau's Corp.*, 261 Ga. 491. If a criminal act is not foreseeable, it logically follows that the proprietor does not have superior knowledge of the danger of its occurrence. But even if the criminal act is foreseeable, it does not necessarily follow that the proprietor has superior knowledge, since the danger may be equally apparent to the plaintiff.

In the instant case, criminal activity was foreseeable to First Federal because of the general dangers of criminal activity associated with ATMs and night depositories as acknowledged by the banking industry. But the well publicized danger of criminal activity associated with the use of such devices is equally apparent to members of the general public absent specific knowledge on the bank's part leading to an awareness that a particular ATM or night depository is even more dangerous than it appears to members of the public based on their general knowledge. As with issues of foreseeability, such specific knowledge may be demonstrated through evidence of the knowledge of prior substantially similar criminal acts committed on or in the near vicinity of the property. In this case, however, the Whitmores have failed to demonstrate the existence of any such acts

or any other evidence demonstrating that First Federal had specific (and thus superior) knowledge that the night depository in question was more dangerous than it appeared to the general public. This is especially true in light of Wayne Whitmore's admission that he had used the night depository on several occasions, and thus was aware of the general surroundings in the area. Accordingly, we conclude the trial court did not err in granting summary judgment to First Federal.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 12, 1997 —
RECONSIDERATION DENIED MARCH 28, 1997 — 

*Harrison & Harrison, Anthony L. Harrison, Billy C. Mathis, Jr.,* for appellants.

*Fendig, McLemore, Taylor, Whitworth & Durham, David T. Whitworth, Donna L. Crossland,* for appellee.