22190.    SMITH *v.* STATE BOARD OF MEDICAL EXAMINERS.

</div>

STEPHENS, J.  1. Although, where a statute in permissive terms provides for the performance of some act which justice or the public good requires, its terms will be construed as having an imperative significance, and the performance of the act permissively provided for is made mandatory (*Birdsong* v. *Brooks,* 7 *Ga.* 88; *Levy* v. *Millman,* 7 *Ga.* 167; *Weems* v. *Farrell,* 33 *Ga.* 413; *Vason* v. *Augusta,* 38 *Ga.* 542, 545; *Georgia, Fla. & Ala. Ry. Co.* v. *Sasser,* 130 *Ga.* 394, 396 (60 S. E. 997); *Whitley* v. *State,* 134 *Ga.* 758, 772 (68 S. E. 716)), yet where a statute, in permissive terms, as by the use of the word "may," authorizes the privation of a valuable right and the imposition of a penalty, the permissive terms are not mandatory, and the conferee of the power has a discretion in exercising it. Where a statute provides that, upon the conviction of a licensed physician of a crime involving moral turpitude, his name "may," by the State board of medical examiners, "be removed from the records of the office of any clerk of the courts in this

State," it is not mandatory upon the board of medical examiners to revoke the license of a licensed physician, or to remove his name from the records, upon his conviction of such crime, but, under the terms of the statute, the exercise of this power is discretionary with the board. Ga. L. 1918, p. 173, sec. 14; Park's Code Supp. 1922, § 1697 (m); Michie's Code, § 1697 (13).

2. A hearing on appeal to the superior court, as provided by the statute, from a judgment of the State board of medical examiners which revokes the license of a physician upon the ground of his conviction of a crime involving moral turpitude, and removes his name from the records, is a de novo proceeding, and the power of a jury respecting the revoking of the physician's license and removing his name from the records is the same as that possessed by the State board of medical examiners, which is a discretionary power.

3. Upon the trial, in the superior court, on an appeal from a judgment of the State board of medical examiners, on a charge against a licensed physician that he had been convicted of making a false certificate of death in a claim filed as provided for in a policy of life insurance (Ga. L. 1921, p. 250), which is a crime involving moral turpitude, although it appeared from the undisputed evidence adduced that the physician had been convicted of the crime charged, it was error for the court to direct a finding by the jury sustaining the charges and having the effect of revoking the defendant's license to practice medicine and removing his name as a licensed physician from records of the superior court of the county.

4. Since the power of the jury to revoke the defendant's license to practice medicine and to remove his name from the records is a discretionary power, evidence in mitigation of the charge of which the defendant had been convicted, and also tending to establish his innocence of the crime charged, and that he was of good moral character, was competent and relevant to the issue, and the exclusion of such evidence was error.

5. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1933.

*Wright & Covington,* for plaintiff in error.   *J. Z. Foster,* contra.

