

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 27, 1950

Hon. M. B. McCoy, D.C., President
Board of Chiropractic Examiners
Austin, Texas        Opinion No. V-1047.

                         Re: The eligibility for a chi-
                         ropractic license of one
                         previously convicted of a
Dear Sir:                 felony.

        Reference is made to your recent request which reads in part as follows:

        "This Board has an application from a doctor who was convicted of a felony in California on August 28, 1944. He was discharged April 1, 1946. He has resided in Texas since 1947, according to the record we have.

        "There is a question in our minds as to whether or not this doctor would be eligible for a Chiropractic License considering the above felony conviction. The doctor meets all other qualifications for licensing.

        "Question: Considering the above felony conviction, but meeting other requirements, is this doctor eligible for a license?"

        Section 14 of House Bill 721, Acts of the 51st Legislature, R.S. 1949, Ch. 94, p. 160, provides in part as follows:

        "The Texas Board of Chiropractic Examiners shall have the authority to revoke, cancel, or suspend the license of any person or refuse to admit persons to its examinations and to issue licenses to practice chiropractic to any person or persons for any of the following reasons:

        "4. Conviction of a crime of the grade of a felony, or one which involves moral turpitude, or the procuring or assisting in the procuring of a criminal abortion; . . ."

It is stated in 3 Sutherland Statutory Construction, 92, 93, Grants of Power, Sec. 5811, that:

"Certain principles peculiar to statutory provisions involving grants of power or authority have evolved for the determination of their mandatory or directory character. Under the general rule that grants of power are strictly construed, such provisions are generally mandatory in the sense that the power granted can be exercised only in strict conformity with the statutory conditions therefor. But in those fields of administrative action where an exercise of discretion is normally intended, as with licensing authority, provisions granting power may be held to be directory only."(Emphasis added)

See also Smith v. State Board of Medical Examiners, 46 Ga. App. 456, 167 S.E. 769 (1933).

In view of the foregoing it is our opinion under the facts submitted that the statute makes it discretionary with the Board of Chiropractic Examiners whether the Board will accept an applicant for examination who has been convicted of a felony. Of course the fact that the applicant has been convicted of a felony may also be considered by the Board in determining whether the applicant is a person of good moral character under Section 10 of the above Act.

## SUMMARY

Whether the Board of Chiropractic Examiners will issue or refuse to issue a license to a person who has been convicted of a felony to practice chiropractic is left by the Statute to the discretion of such Board. Sec. 14, H.B. 721, Acts 51st Leg., R.S. 1949, Ch. 94, p. 160; 3 Sutherland Statutory Construction 92, 93, Grants of Power, Sec. 5811.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

J. R. Greenhill
First Assistant

Price Daniel
Attorney General
BA:bh

Yours very truly,

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant