### 63273. PRINCE v. LEE ROOFING COMPANY.

DEEN, Presiding Judge.

The appellee is a small family corporation owned by a roofing contractor. Prince, a general contractor who had frequently worked with Lee, engaged it to put a roof on a building being remodeled by

her. The work was finished following an interim payment of $1,500 and Prince was billed for a balance of $4,223.92. The work was finished sometime in March 1980. When payment was not made Lee placed a lien on the building and this suit followed, resulting in verdict and judgment for the plaintiff for the amount claimed plus interest.

1. The evidence was in sharp dispute as to whether Lee had originally quoted a much lower price for the work, whether the work was properly done, and whether shortly thereafter the roof did or did not begin to leak. Each side produced an experienced roofing contractor who testified in its behalf. The jury obviously believed the evidence offered by the plaintiff, which was ample to support the verdict for the principal amount.

2. The court directed a verdict in favor of the plaintiff as to two counts of defendant's counterclaim alleging that she had been defrauded by representations that the work would cost less than was billed, and seeking damages on the basis that the plaintiff had been stubbornly litigious and acted in bad faith. We find no evidence to support either of these contentions and accordingly affirm the direction of verdict as to these two counts.

3. This work was completed sometime in March 1980. The suit was tried in May 1981. So far as the record shows, the plaintiff at no time prior to suit claimed interest on the account. At the trial it requested, and the court gave, the following jury instruction: "Any amount of damages found for the plaintiff may be increased by the addition of interest calculated at the rate of 1-1/2% per month beginning thirty days after delivery of a statement of account to the defendant." A statement of account was in fact delivered on March 12, 1980. There is no indication that it or any later bill purported to charge interest on the account.

Ga. L. 1980, p. 514, effective March 20, 1980, and codified as Code Ann. § 57-111 provides: "Unless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor. The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of one and one-half percent per month calculated on the amount owed from the date upon which it became due and payable until paid. 'Commercial account' means an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of goods and services," etc. Prior to this act interest when unspecified was 7% per year (Code § 57-101) and this rate was applied to merchants' accounts

"which by custom become due at the end of the year." Former Code § 57-111.

The plaintiff at no time prior to trial indicated an intention to seek 18% interest. The petition prayed for judgment in the principal amount of $4,223.92 "plus interest and costs" without naming the interest rate sued for. At the time the complaint was filed, the legal rate was 7%. Code § 57-101 is still in effect. We note that the statute says merely that the commercial creditor *may* charge interest *if* the account is 30 days overdue at a rate *not in excess of* 1-1/2% per month. Thus under the circumstances outlined, the creditor has an option to set whatever interest rate he wishes after default up to the limit specified. Code § 102-103 provides that the word "may" ordinarily denotes permission and not command, although if when as used in a statute it concerns the public interest or affects the rights of third persons it will be construed to mean "shall." "Although, where a statute in permissive terms provides for the performance of some act which justice or the public good requires, its terms will be construed as having an imperative significance, and the performance of the act permissively provided for is made mandatory [cits.] yet where a statute, in permissive terms, as by the use of the word 'may,' authorizes the privation of a valuable right and the imposition of a penalty, the permissive terms are not mandatory, and the conferee of the power has a discretion in exercising it." *Smith v. State Bd. of Medical Examiners,* 46 Ga. App. 456 (1) (167 SE 769) (1932). Here neither the public good or the rights of third parties are infringed by construing Code Ann. § 57-111 as *permitting* the creditor to charge an otherwise usurious rate of interest, greater than the legal rate and greater than the post-judgment rate. The creditor, as we understand this record, gave no indication that this option would be exercised. Further, the court did not instruct the jury that the creditor would be permitted to charge such a rate (the creditor having made no attempt to do so) but rather instructed them that the *jury* may increase the *damages* by adding interest at 1-1/2% per month. It is clear that this instructed the jury to allow additional damages in its own discretion and this the jury clearly has no right to do. The charge to this effect was error under the facts of this case, and the award of interest was consequently illegal.

4. The motion to assess damages against the defendant for a frivolous appeal is denied.

*Judgment affirmed on condition that the plaintiff, within 10 days of the receipt of the remittitur in the trial court, writes off the amount awarded as prejudgment interest; otherwise reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982.

*Dennis J. Strickland, Sr.,* for appellant.
*Lamar Gibson,* for appellee.