A89A0038. TENCH v. U. S. TSUBAKI, INC.
(381 SE2d 319)

POPE, Judge.

Plaintiff U. S. Tsubaki, Inc., filed suit against defendant Tim Tench as guarantor for the debt of Mechanical Supply Company. The complaint alleged an amount due on the account of Mechanical Supply Company plus interest at the rate of 1 1/2 percent per month from the date the debt became due as authorized by OCGA § 7-4-16. The jury returned a verdict in favor of plaintiff for $8,279.40 principal and $3,195.85 interest. Defendant appeals.

Both enumerations of error are based on the argument that plaintiff may not recover interest pursuant to OCGA § 7-4-16 in this case because plaintiff did not attempt to collect interest on the overdue account prior to filing suit. Essentially, defendant argues that the case of *Prince v. Lee Roofing Co.*, 161 Ga. App. 181 (288 SE2d 135) (1982), stands for the proposition that a creditor must bill its debtor for interest on the account before it may recover interest pursuant to OCGA § 7-4-16 at trial. Defendant's interpretation of *Prince* is erroneous. First, the plaintiff in *Prince* did not indicate an intention to collect interest at any time prior to trial. Here, the plaintiff alleged in its complaint, at the commencement of the action, that it was entitled to interest. Thus, plaintiff here complied with the requirement to make a pre-trial invocation of the applicability of OCGA § 7-4-6. See *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253 (2) (342 SE2d 694) (1986). Secondly, the award of interest in *Prince* was found to be erroneous because of erroneous instructions to the jury. "[T]he court did not instruct the jury that the creditor would be permitted to charge [interest] . . . but rather instructed them that the *jury* may

increase the *damages* by adding interest [at the jury's discretion]." *Prince* at 183. By contrast, the jury here was properly instructed: "The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2 [percent] per month calculated on the amount owed from the date upon which it became due and payable until paid." We find no error in permitting evidence concerning the accrual of interest on the indebtedness or in charging the provisions of OCGA § 7-4-16 in this case.

Although we find defendant misinterpreted the rationale of *Prince*, supra, we find no reason to assume the argument was not made in good faith. Because we are not "fully satisfied that the case was brought up for delay only" (*Diamond v. Williams*, 75 Ga. App. 111, 112 (42 SE2d 382) (1947)), defendant's motion for sanctions pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed; motion for sanctions denied. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1989.

*Troy R. Millikan*, for appellant.
*Neil A. Moskowitz*, for appellee.

