A99A0269, A99A0270. OWENS v. McGEE & OXFORD; and vice versa.
(518 SE2d 699)

BLACKBURN, Presiding Judge.

In Case No. A99A0269, Pamela Owens appeals the jury's award against her in the underlying action to collect past due fees brought by her former attorneys, McGee & Oxford. In Case No. A99A0270, McGee & Oxford cross-appeal, contending that the trial court erred in failing to grant their motion for summary judgment and motion for directed verdict. For the reasons set forth below, we affirm the jury's verdict.

*Case No. A99A0269*

1. In her initial enumeration of error, Owens contends that the trial court failed to grant her motion for directed verdict which was based on numerous grounds.

> The standard of review of a trial court's denial of a motion for a directed verdict is the "any evidence" standard, and the evidence is construed most favorably toward the party opposing the motion. Accordingly, this standard of review requires [Owens] to show that there was no conflict

in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded the verdict sought.

(Citation and punctuation omitted.) *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 854 (501 SE2d 30) (1998).

So viewing the evidence, Owens retained McGee & Oxford to represent her in her divorce action. After some services had already been performed, Owens signed a letter agreement in which she agreed to pay McGee & Oxford for costs and expenses, as well as an hourly rate for the time expended on her behalf by McGee & Oxford attorneys and paralegals. The agreement provided that it became effective upon McGee & Oxford's receipt of the countersigned copy and payment of the remainder of the retainer fee. It also acknowledged previous payment of $2,800 of the agreed upon $6,000 retainer fee. The agreement further provided that McGee & Oxford's duties ended "upon the entry of a final judgment" and that "services for any appeal or proceeding to enforce any judgment will require a separate agreement between us for such services." During its representation of her, McGee & Oxford provided Owens with monthly statements. Owens refused to pay the amounts outstanding on these bills. Thereafter, McGee & Oxford brought the underlying action to recover $46,946.03 in attorney fees plus interest owed by Owens.

(a) Owens argues that because McGee & Oxford withdrew their representation prior to obtaining a final judgment, they cannot recover under the contract. The question that must be resolved is whether the subject agreement is an entire contract or a severable one. See OCGA § 13-1-8 (a).

The issue of the severability of a contract is determined by the intention of the parties, as evidenced by the terms of the contract. If it appears that the contract was to take the whole or none, then the contract would be entire. Whenever there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity.

(Citations and punctuation omitted.) *Medical Doctor Assoc. v. Lab-Quip Co.*, 201 Ga. App. 880, 881 (412 SE2d 625) (1991).

In the present case, the contract provided that McGee & Oxford would represent Owens at an hourly rate. The language in the contract which provides that the law firm's duties would "end upon the entry of a final judgment," merely indicates that the law firm has no contractual duty to represent the client in future actions to enforce any judgment or to handle any appeal in the case, absent their agree-

ment to do so. It did not require a final judgment in the case in exchange for a specific amount of compensation. Under these circumstances the contract must be considered severable, and a final judgment is not a condition precedent to the entitlement to fees.

(b) McGee & Oxford withdrew its original damage claims based on quantum meruit and submitted its case to the jury solely on its contract claims. It is therefore unnecessary to address Owens' contentions as to such quantum meruit claims.

(c) Owens asserts that no claim for interest was properly shown. She argues that interest is not recoverable because she never received a demand for the exact amount sought in the complaint. Pursuant to OCGA § 7-4-16,

> [t]he owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid.

Additionally, "[u]nless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor." OCGA § 7-4-16. A commercial account is defined, in pertinent part, as "an obligation for the payment of money arising out of a transaction to sell or furnish . . . goods or services." OCGA § 7-4-16.

The contract signed by Owens provided that any statement which remained unpaid after forty-five days would bear interest of one-and-one-half percent per month. Additionally, Owens received a demand for the amount owed as of the date of the demand. She was billed in February 1993 for the $54,196.03 then owed.[1] After that time, her former husband paid $7,250 on the account. "A debt is liquidated when it is certain how much is due and when it is due." (Punctuation and emphasis omitted.) *Typo-Repro Svcs. v. Bishop,* 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988).

Based on the foregoing, a claim for prejudgment interest was properly made in the trial court.

(d) Owens asserts that the trial court erred in denying her motion for directed verdict on attorney fees contending that McGee & Oxford did not present proper evidence of same.

Initially, Owens argues that McGee & Oxford were not entitled to seek attorney fees under OCGA § 13-6-11.

OCGA § 13-6-11 allows attorney fees where the defendant

---

[1] The invoice also included a notation that $84.98 remained in the trust account.

has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . . As to whether the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. The key to the test is whether there is a bona fide controversy. Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense. However, recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy.

(Punctuation omitted.) *Wheat Enterprises v. Redi-Floors*, supra at 856-857.

In the present case, the jury was authorized to find that Owens failed to demonstrate that a bona fide controversy existed regarding her obligation to pay for the legal services rendered by plaintiff on her behalf. Therefore, the issue of attorney fees was properly presented to the jury.

Owens also asserts that McGee & Oxford failed to make a proper evidentiary showing regarding the reasonableness of the amount of attorney fees requested. However, as Owens failed to raise this issue in the trial court, it has been waived and may not be considered on appeal. See *Leader Nat. Ins. Co. v. Kemp & Son*, 189 Ga. App. 115, 116 (375 SE2d 231) (1988) ("A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal"). (Punctuation omitted.)

(e) Owens contends that McGee & Oxford breached its fiduciary duty to her and, therefore, it is prevented from any recovery in contract. Owens asserts that McGee & Oxford's bill for $.25 per photocopy was unreasonable and that by this charge McGee & Oxford breached its fiduciary duty to her. Owens' expert testified that charging $.25 per photocopy is "probably unreasonable." However, Joseph McGee testified that his bills were reasonable. This conflict in the evidence creates a jury issue and, therefore, the trial court did not err in denying Owens' motion for directed verdict on this ground. As the jury found for plaintiff, we do not further address the effect of unreasonable copy costs on the right of an attorney to compensation.

Owens further argues that McGee & Oxford's withdrawal from the case was a breach of its fiduciary duty. However, Joseph McGee testified to the work he completed in order to preserve any issues for a new trial or appeal in Owens' underlying case. He further testified that such work was performed after discussing it with Owens. Under these circumstances, the jury was authorized to find that McGee & Oxford did not breach its fiduciary duty. This enumeration is without merit.

2. By several enumerations of error, Owens contends that the trial court erred in failing to give certain charges to the jury regarding the proper measure of damages under quantum meruit.

> A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case. Neither should a jury charge be given which is inapplicable to the facts.

(Citation and punctuation omitted.) *Hayden v. Sigari*, 220 Ga. App. 6, 10 (5) (467 SE2d 590) (1996).

As previously stated, McGee & Oxford withdrew any claim for quantum meruit and submitted their claims to the jury on written and oral contract. Therefore, any charges based upon quantum meruit were not adjusted to the evidence and were properly disregarded by the trial court.

3. Owens contends that the trial court erred by failing to instruct the jury as follows: "I charge you that when a party to a contract has been injured he is bound to lessen the damages sustained by him as far as is practicable by use of ordinary care and diligence." Owens argues that this charge is applicable because McGee & Oxford did not file suit for almost two-and-one-half years. Owens' position is without merit. McGee & Oxford was within its rights to seek payment or compromise from Owens prior to filing suit. Because the requested charge was not a complete statement of the law, adjusted to the pleadings, law, and evidence, omission of it did not constitute reversible error. *Hayden*, supra.

4. In her final enumeration of error, Owens contends that the trial court erred when it charged the jury:

> Now, ladies and gentlemen of the jury, I charge you that if you find that the Plaintiff has performed all of its obligations under the contract in this case, you must find the Defendant liable for all damages to Plaintiff as a result of the Defendant's breach of its obligation to pay Plaintiff under the contract.

Owens argues that by this charge, the court essentially directed a verdict in favor of McGee & Oxford. Owens' argument is without merit as the charge clearly states that the jury must first determine that she breached the agreement and that she is responsible for those damages flowing from the breach. The trial court did not commit reversible error in giving this charge.

*Case No. A99A0270*

5. In its first enumeration of error contained in its cross-appeal, McGee & Oxford contend that the trial court erred in denying its motion for summary judgment. This enumeration of error is moot. "Denial of a motion for summary judgment is rendered moot by the court's entry of judgment on the verdict. Thus, an appellate court will not review the denial of a motion for summary judgment following a trial on the merits." (Citations and punctuation omitted.) *Fowler v. Smith*, 230 Ga. App. 817, 819 (1) (a) (498 SE2d 130) (1998).

6. In its second enumeration of error, McGee & Oxford contend that the trial court erred in denying its motion for directed verdict. Inasmuch as the jury returned a verdict in favor of plaintiff, any error in failing to direct a verdict is rendered moot. In any event, however,

[i]n determining whether the trial court erred by denying the motion for directed verdict, this court reviews and resolves the evidence and any doubts or ambiguities in favor of the verdict. A directed verdict is not authorized unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions demands a certain verdict.

(Punctuation omitted.) *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 553 (1) (472 SE2d 116) (1996). See also *Wheat Enterprises v. Redi-Floors*, supra.

Because McGee & Oxford's claims were based on an oral and written contract, the jury would have been authorized to believe Owens' testimony that the firm agreed to continue working for her for compensation that would be determined later. This conflict in the evidence required that the case be submitted to the jury. Therefore, the trial court did not err in denying McGee & Oxford's motion for directed verdict.

*Judgments affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1999 —
RECONSIDERATION DENIED JUNE 10, 1999 — CERT. APPLIED FOR.

*Glenville Haldi*, for appellant.
*Steven Montalto*, for appellee.