## A00A1626. NAILS v. REBHAN et al.
(538 SE2d 843)

JOHNSON, Chief Judge.

Clifford Winecoff executed his will on October 27, 1992. The will directs, upon Winecoff's death, that Karlene Carver receive $10,000, that Louise Nails receive $25,000 plus all Winecoff's real estate and personal property, and that Dorothy Rebhan, Winecoff's sister, receive the rest of his money. On the day that he executed the will, Winecoff also signed a document giving Nails, a neighbor and caregiver, a general power of attorney over his affairs.

On July 1, 1993, two days before his death, Winecoff became ill, and Nails took him to see his doctor. After the doctor visit, Nails drove Winecoff home. She then went alone to Coffee County Bank where Winecoff had a certificate of deposit, a checking account, and a safe deposit box. Using her power of attorney, Nails attempted to add her name to the certificate, account, and box. But a bank employee told Nails that Winecoff himself should sign the documents to add her name to his accounts.

Nails then drove to Trust Company Bank where Winecoff had another certificate of deposit. Janice Beasley, Nails' sister-in-law, worked at the bank. Nails told Beasley that she wanted to add her name to Winecoff's account. Relying on the power of attorney, Beasley helped Nails fill out a form adding her name to Winecoff's certificate of deposit.

Nails next went home, picked up Winecoff, and drove him to his attorney's office. The attorney's secretary, Debbie Lee, notarized a letter signed by Winecoff authorizing Coffee County Bank to add Nails' name to his certificate of deposit, checking account, and safe deposit box. Nails then took the documents to the bank.

Winecoff died on Saturday, July 3, 1993. At 9:00 a.m., on Tuesday, July 6, Nails went to Trust Company Bank and redeemed Winecoff's certificate of deposit for $86,459, incurring a penalty of $743 for early withdrawal of the funds. She then went to Coffee County Bank and, at 9:45 a.m., emptied and closed Winecoff's safe deposit box. A week later, on July 13, Nails cashed a check for $10,000 on Winecoff's Coffee County Bank account.

Rebhan and Carver, the administrators of Winecoff's estate, sued Nails to recover both the money that she took from Winecoff's bank accounts and the funds that were still deposited at the banks. The case was tried before a jury, which returned a verdict in favor of Rebhan and Carver. The court entered judgment on the verdict, awarding the administrators $86,459 as the amount of the Trust Company certificate of deposit, $50,000 as the amount of the Coffee County Bank certificate of deposit, and $18,122 as the amount of the Coffee County Bank checking account.

Nails appeals, arguing that the court should have directed a verdict in her favor and that the court erred in failing to give two of her requested jury charges. The arguments are without merit, and we therefore affirm the judgment of the trial court.

1. In reviewing the denial of a directed verdict motion, we apply the "any evidence" standard and construe the evidence most favorably toward the party opposing the motion.[1] This standard of review requires the appellant to show that there is no conflict in the evidence as to any material issue and that the evidence demands the verdict sought.[2]

In the instant case, Nails contends that the uncontradicted evidence shows that Winecoff intended to give her all of the money in his bank accounts. Nails herself testified that Winecoff had told her that he wanted to add her name to his accounts so that his money would go to her because she was the only one who had helped him. Winecoff's attorney testified that Winecoff had called him and asked how to make sure that Nails' name was on some of his bank accounts. And there is evidence that Winecoff signed documents authorizing the addition of Nails' name to his Coffee County Bank accounts.

In spite of this evidence, the fact remains that Winecoff's will expressly provides that Carver receive $10,000, that Nails receive $25,000, and that Rebhan receive all the rest of Winecoff's money. There is no evidence that the will was either revoked or amended to provide that Nails receive all the money in Winecoff's bank accounts.

Thus, contrary to Nails' contention, the evidence is in conflict as to whether Winecoff intended for her to have all the money in his accounts. The jury was authorized to disbelieve Nails' claim that Winecoff told her that he wanted her to have his money and to believe instead that his true intentions regarding his money are reflected by his will.[3] Based on the evidence, the jury was justified in concluding that Nails is not entitled to all of Winecoff's money, but that his money should be distributed as directed by the will. Because

---

[1] *Owens v. McGee & Oxford*, 238 Ga. App. 497 (1) (518 SE2d 699) (1999).

[2] Id.

[3] See *Smithson v. Parker*, 242 Ga. App. 133, 135 (1) (528 SE2d 886) (2000).

the evidence does not demand the verdict sought by Nails, the trial court did not err in denying Nails' motion for a directed verdict.[4]

2. Citing *Jordan v. Stephens*,[5] Nails requested that the trial court give the following jury charge:

[E]vidence that a depositing joint tenant intends a surviving joint tenant to have assets upon the decedent's death precludes a claim that the survivor, who is attorney in fact for the depositor, breached any duty of loyalty by obtaining the joint tenancy interest.

The court refused to give the requested charge, and Nails now argues that the court's refusal was error. The argument is without merit.

The holding in *Jordan* does not stand for the proposition set forth in Nails' requested charge. That case simply held that the trial court correctly denied the plaintiff's directed verdict motion where there was some evidence that the decedent intended that, upon her death, her joint tenant have certain assets.[6]

Moreover, the trial court in the present case correctly charged the jury on the survivorship rights of a party to a joint account as set forth in OCGA § 7-1-813 (a), which provides:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created.

"[A] trial court does not err in refusing to give a requested charge that is not legally accurate and adjusted to the evidence."[7] In this case, the trial court did not err in giving the jury a charge on the statutory law of survivorship rights, rather than giving Nails' legally inaccurate requested charge.

3. Nails complains that the trial court erred in refusing to give the following requested charge:

[T]he primary issue for your consideration is determining Clifford Ray Winecoff's intent when he established the joint accounts in question and, if you determine that the evidence shows that Clifford Ray Winecoff intended for Louise B. Nails to have the monies in such accounts at his death, your

---

[4] Id.
[5] 221 Ga. App. 8 (470 SE2d 733) (1996).
[6] Id. at 9 (1).
[7] *Wadkins v. Smallwood*, 243 Ga. App. 134, 139 (5) (530 SE2d 498) (2000).

verdict should be in favor of the Defendant, Louise B. Nails.

Contrary to Nails' complaint, the court's refusal to give this charge was not error.

The trial court's failure to give a jury charge in the exact language requested is not error where the charges actually given substantially cover the principles contained in the request.[8] Here, the trial court fully charged the jury on the parties' opposing contentions as set forth in the complaint and the answer. The court also charged on the law concerning joint accounts, including, as discussed in Division 2, a charge that sums in a joint account belong to the surviving party to the account unless there is clear and convincing evidence of a different intention at the time the account was created. The court further charged the jurors on the form of their verdict, instructing them that after considering all the evidence and law that they must determine whether the plaintiffs or the defendant is entitled to the Trust Company certificate of deposit, the Coffee County Bank certificate of deposit, and the Coffee County Bank checking account.

Having reviewed the charge in its entirety, we find that the court fully and accurately instructed the jury on the issues to be decided, including the issue of Winecoff's intentions with regard to the money in the bank accounts. Because the principles in the requested instruction were substantially covered by the court's charge, the court did not err in refusing to give the requested charge.[9]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2000 —
RECONSIDERATION DENIED SEPTEMBER 15, 2000.

*Thomas H. Pittman*, for appellant.
*Farrar & Hennesy, Curtis Farrar*, for appellees.

---

[8] *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 224 (10) (489 SE2d 329) (1997).

[9] See *Wadkins*, supra at 140.