[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12495
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:06-cv-00554-GGB

DISCRETE WIRELESS, INC.,

Plaintiff-Counter-Defendant-Appellee,

versus

COLEMAN TECHNOLOGIES, INC.,

Defendant-Counter-Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 5, 2011)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Coleman Technologies, Inc. appeals the District Court's denial of its Fed. R. Civ. P. 59(e) motion to alter or amend the judgment to award pre-judgment interest under O.C.G.A. § 7-4-16. Coleman also appeals the District Court's denial of its Rule 50(b) renewed motion for judgment as a matter of law on a claim for promissory estoppel asserted by Discrete Wireless, Inc. After thorough review, we reverse.

## I.

Discrete Wireless, Inc. ("Discrete") contracted with Coleman Technologies, Inc. ("Coleman") for the design and supply of custom-made GPS vehicle tracking devices. Discrete purchased the devices from Coleman by submitting purchase orders, which set out specific quantity, price, and delivery terms. The parties' relationship eventually broke down, and in early March 2006 Discrete informed Coleman that it would not accept or pay for any future deliveries of GPS devices from Coleman. At that time, Discrete had not paid Coleman for shipments that it had received from September 2005 to January 2006.

On March 8, 2006, Discrete brought suit against Coleman in the U.S. district court in the Northern District of Georgia. In August 2006, Discrete filed a second amended complaint asserting claims for, *inter alia*, breach of contract, breach of express warranty, and promissory estoppel. Coleman answered

Discrete's second amended complaint and raised counterclaims for, *inter alia*, suit on account and breach of contract.  The District Court granted summary judgment to Coleman on its counterclaim for suit on account and awarded Coleman $1,017,551 in damages.  The rest of the parties' claims proceeded to a jury trial. After an eleven day trial, the jury found for Coleman on its breach of contract counterclaim and awarded $229,374 in damages.  However, the jury also returned a verdict for Discrete on its promissory estoppel claim and awarded $306,400 in damages.

After judgment was entered, Coleman moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment.  In its motion, Coleman requested that the judgment be amended to include the $1,017,551 that it had been awarded on its suit on account counterclaim.  Coleman also asked to be awarded pre-judgment interest on the account award pursuant to O.C.G.A. § 7-4-16.  In a separate motion, Coleman renewed its previous motion under Fed. R. Civ. P. 50(b) for judgment as a matter of law on Discrete's promissory estoppel claim.  The District Court amended the judgment to include the account award but denied Coleman's request for pre-judgment interest.  The District Court also denied Coleman's motion for judgment as a matter of law on Discrete's promissory estoppel claim.  Coleman now appeals those rulings.

## II.

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quotation marks omitted); see also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

"We review de novo the denial of a motion for judgment as a matter of law, applying the same standard as the district court." Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010) (citations omitted). Judgment as a matter of law is appropriate only if "the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict." Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997) (quotation marks omitted). "In making that determination, we review all of the evidence in the record, but we must draw all reasonable inferences in favor of the nonmoving

4

party, and . . . may not make credibility determinations or weigh the evidence."

Brown, 597 F.3d at 1173 (quotation marks omitted).

III.

Coleman contends that the District Court erred in failing to award pre-judgment interest pursuant to O.C.G.A. § 7-4-16 on its suit on account counterclaim. Section 7-4-16 of the Georgia Code provides, in relevant part, that:

> The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2 percent per month calculated on the amount owed from the date upon which it became due and payable until paid.

See also Spears v. Allied Eng'g Assocs., Inc., 368 S.E.2d 818, 819–20 (Ga. Ct. App. 1988) (noting that § 7-4-16 "allows a maximum of 18 percent annual interest on commercial accounts"); Prince v. Lee Roofing Co., 288 S.E.2d 135, 136–37 (Ga. Ct. App. 1982) (explaining that § 7-4-16 gives a commercial creditor the "option to set whatever interest rate he wishes after default up to the limit specified").

In order to recover pre-judgment interest under § 7-4-16, a commercial creditor must make "a pre-trial invocation of the applicability of that provision." Jack V. Heard Contractors, Inc. v. Moriarity, 363 S.E.2d 822, 824 (Ga. Ct. App. 1987) (quotation marks omitted); compare Owens v. McGee & Oxford, 518

5

S.E.2d 699, 701–02 (Ga. Ct. App. 1999) (pre-judgment interest available where contract at issue "provided that any statement which remained unpaid after forty-five days would bear interest of one-and-one-half percent interest per month" and complaint asked for interest owed); Am. Aluminum Prods. Co. v. Binswanger Glass Co., 391 S.E.2d 688, 694 (Ga. Ct. App. 1990) (pre-judgment interest available where creditor "requested interest at the rate of 18 percent per annum on damages . . . in its counterclaim and in the pretrial order"); Tench v. U.S. Tsubaki, Inc., 381 S.E.2d 319, 320 (Ga. Ct. App. 1989) (creditor could recover pre-judgment interest where § 7-4-16 was raised for the first time in the complaint); Jack, 363 S.E.2d at 824 (finding pre-judgment interest available where creditor amended its complaint approximately four months before trial to seek commercial rate of interest); with Gold Kist Peanuts v. Alberson, 342 S.E.2d 694, 697 (Ga. Ct. App. 1986) (pre-judgment interest unavailable where "the contract itself specified no rate of interest, and . . . [the] complaint merely prayed for 'interest' without specifying the rate thereof"); Prince, 288 S.E.2d at 137 (pre-judgment interest not available where creditor asked for 1 1/2 percent interest per month for the first time in jury instruction).  In the invocation, the creditor must specify the exact rate at which interest accrues.  See Spears, 368 S.E.2d at 820 (pre-judgment interest not available where creditor sought in complaint "'interest as allowed by Georgia

6

law for commercial accounts'" because "it was not clear whether [the creditor] was seeking 1.5 percent interest per month . . . or some lesser rate which also would have been proper under the statute").

On February 10, 2006, Coleman sent Discrete its "Standard Terms and Conditions," which provided that: "[i]f Customer fails to pay an invoice when due per the stated payment terms, Customer shall pay interest of 1.5% per month on the oustanding amount from the due date until the payment date." In its counterclaim for suit on account, Coleman sought "damages, as well as attorneys' fees, costs, <u>and interest</u>." (emphasis added). The Consolidated Pretrial Order stated that Coleman was seeking "interest on the commercial account" and cited O.C.G.A. § 7-4-16. By virtue of those documents, Coleman argues that it complied with the requirement to make a pre-trial invocation of § 7-4-16.

Discrete argues in response that none of those documents adequately invoked § 7-4-16. Although the February 6, 2010 Standard Terms and Conditions provided that any outstanding amount would bear 1.5% interest, Discrete asserts that those terms and conditions do not apply to the debts underlying Coleman's suit on account counterclaim and therefore cannot satisfy the invocation requirement. Discrete notes that the Standard Terms and Conditions provide that they "supplement the <u>corresponding</u> Purchase Order Quote" and points out that the

7

purchase orders forming the basis of Coleman's counterclaim were submitted from September 2005 to January 2006. Discrete also argues that Coleman's counterclaim and the Consolidated Pretrial Order do not comply with the requirement to make a pre-trial invocation of § 7-4-16 because neither specified the exact rate at which interest was to accrue.

After thorough review, we conclude that Coleman was not entitled to pre-judgment interest under O.C.G.A. § 7-4-16 on its suit on account counterclaim because Coleman did not comply with the requirement that a commercial creditor make a "pre-trial invocation of the applicability of that provision." Gold Kist Peanuts, 342 S.E.2d at 697. While the February 6, 2010 Standard Terms and Conditions provided that outstanding amounts would bear 1.5% interest, it did not apply to the debts underlying Coleman's counterclaim. Cf. Owens, 518 S.E.2d at 702 (contract sued upon stated that "any statement which remained unpaid after forty-five days would bear interest of one-and-one half percent per month").

It is true that under Georgia law "[i]f the rate allowed under . . . § 7-4-16 is sought before trial, the trial court is authorized to grant pre-judgment interest at that rate." Spears, 368 S.E.2d at 820 (rejecting argument that pre-judgment interest under § 7-4-16 was not available because the agreement between the creditor and debtor and creditor's invoices did not specify that interest would be

8

charged on past due accounts). However, Coleman's pre-trial efforts to seek interest under § 7-4-16 did not specify the rate of interest being sought. See id. at 820 (concluding that trial court erred in awarding pre-judgment interest where creditor sought in complaint "interest as allowed by Georgia law for commercial accounts" because creditor did not state the exact rate of interest requested under § 7-4-16). In its suit on account counterclaim, Coleman merely prayed for "interest," and in the Consolidated Pretrial Order, Coleman sought as damages "interest on the commercial account" citing § 7-4-16 as the basis for its request. Neither document "specif[ied] the interest rate sought." Id. (emphasis added). The Consolidated Pretrial Order, while referencing § 7-4-16, did not make it "clear whether [Coleman] was seeking 1.5 percent interest per month, the maximum allowable rate for commercial accounts, or some lesser rate which also would have been proper under the statute." Id. Under these circumstances, the failure to award Coleman pre-judgment interest under § 7-4-16 was not error.

Coleman argues in the alternative that it was entitled to prejudgment interest at the "legal rate" under O.C.G.A. § 7-4-2(a)(1)(A), which provides that "[t]he legal rate of interest shall be 7 percent per annum simple interest where the rate

9

percent is not established by written contract."[1]  Under Georgia law, "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain bear interest from the time the party shall become liable and bound to pay them."  O.C.G.A. § 7-4-15; see also Colonial Bank v. Boulder Bankcard Processing, Inc., 563 S.E.2d 492, 498 (Ga. Ct. App. 2002) (explaining that "[d]amages are liquidated when they are an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof" (quotation marks omitted)).  "The award of prejudgment interest pursuant to O.C.G.A. § 7-4-15 is mandatory rather than discretionary, and is awarded by a judge as a matter of law."  Consulting Constr. Corp. v. Edwards, 427 S.E.2d 789, 792–93 (Ga. Ct. App. 1993) (citation omitted).

Here, Coleman's damages on its suit on account counterclaim were fixed, certain, and ascertainable making them liquidated.  See Colonial Bank, 563 S.E.2d

---

[1] Coleman did not raise this argument in its Rule 59(e) motion.  However, the Consolidated Pretrial Order provided that Coleman was seeking as damages "[i]nterest on contract and commercial account pursuant to O.C.G.A. §§ 7-4-2 and 7-4-16."  We conclude that the reference to § 7-4-2 in the pre-trial order adequately preserved this issue for appellate review. Cf. Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1304 (11th Cir. 2007) (concluding that argument not raised in Rule 59(e) motion was not subject to appellate review because the argument was raised for the first time on appeal); see also Hutches v. Renfroe, 200 F.2d 337, 340–41 (5th Cir. 1953) (concluding that district court's failure to apply the proper measure of damages was a manifest error of law even though the plaintiff relied on the wrong legal theory in motion to amend the judgment).  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

at 498. Discrete conceded that it received and never paid for $1,017,551 worth of GPS units from Coleman. For that reason, the District Court erred in failing to award Coleman pre-judgment interest at the legal rate established by O.C.G.A. § 7-4-2. See Gold Kist Peanuts, 342 S.E.2d at 697 (concluding that creditor not entitled to pre-judgment interest under § 7-4-16 was entitled to pre-judgment interest at the legal rate under § 7-4-2). The District Court's denial of Coleman's Rule 59(e) motion was error.

IV.

Coleman also argues that the District Court erred by denying its motion for judgment as a matter of law on Discrete's promissory estoppel claim. Under Georgia law, the elements of a claim for promissory estoppel are:

(1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiff[ ] to rely on such promise; (3) the plaintiff[ ] relied on such promise to [its] detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiff[ ] changed [its] position to [its] detriment by surrendering, forgoing, or rendering a valuable right.

Brown v. Rader, 683 S.E.2d 16, 21 (Ga. Ct. App. 2009) (quotation marks omitted); see also Mooney v. Mooney, 538 S.E.2d 864, 868 (Ga. Ct. App. 2000) ("A promise is a manifestion of an intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has

11

been made.") (quotation marks omitted).  "Promissory estoppel does not apply to a promise that is vague, indefinite, or of uncertain duration."  Mariner Healthcare, Inc. v. Foster, 634 S.E.2d 162, 168 (Ga. Ct. App. 2006); see, e.g., Ga. Invs. Int'l, Inc. v. Branch Banking & Trust Co., 700 S.E.2d 662, 664–65 (Ga. Ct. App. 2010) (promise to refinance loan or provide a line of credit for 12 months with no specified interest rate was too vague and indefinite to sustain promissory estoppel claim); Mariner Healthcare, Inc., 634 S.E.2d at 168 (promise "'that the terms and conditions of the Lease would continue as long as [the plaintiff] paid rent and continued to negotiate" was too vague to support a claim for promissory estoppel).

Discrete based its promissory estoppel claim on an August 24, 2005 email from Mike Nicoloff, Coleman's technical director, to Nick Legg, a Discrete employee.  In the email, Nicoloff stated:

> Below (a screen or 2) is the fix Enfora recommends, I can probably get it done by noon tomorrow.  I suggest we incorporate this fix into the firmware that contains the GPS filter fix.  What do you think?  I would like to get these into a couple of units in Charlotte that are currently locked up and see if this fixes the problem vs. what we did today which was to have Joey manually issue commands to the modem via the serial console application to clear the lock-up.

Coleman argues that Nicoloff's promise was too vague and indefinite to serve as the basis for a promissory estoppel claim.  Coleman asserts that Nicoloff's statements that: "I can probably get it done by noon tomorrow" and that "I suggest

12

we incorporate this fix" are equivocal precluding Discrete's claim. In response, Discrete argues that Nicoloff's equivocal statements only related to when the fix would be performed—not whether it would be performed—and therefore his promise is sufficiently definite to support its promissory estoppel claim.

Drawing all reasonable inferences in favor of Discrete, the non-moving party, we conclude that Nicoloff's promise was too vague and indefinite to form the basis of a promisory estoppel claim. See Brown, 597 F.3d at 1173. Under Georgia law, a claim for promisory estoppel arises from promises "which the promisor should reasonably expect to induce action or forbearance on the part of the promisee." Ga. Invs. Int'l, Inc., 700 S.E.2d at 664 (emphasis added). Here, Nicoloff's purported promise was uncertain as to material terms such as what act was being promised to be performed and when. His email stated: "I suggest we incorporate this fix into the firmware that contains the GPS filter fix. What do you think?" and that "I can probably get it done by noon tomorrow." The equivocal nature of Nicoloff's representations made it unreasonable for Discrete to rely on them. See W.R. Grace Company-Conn v. Taco Tico Acquisition Corp., 454 S.E.2d 789, 791 (Ga. Ct. App. 1995) (explaining that if plaintiff could not reasonably rely on any of the defendant's representations, promissory estoppel does not apply). For that reason, we conclude that the District Court erred in

13

denying Coleman's motion for judgment as a matter of law on Discrete's

promissory estoppel claim.

REVERSED and REMANDED.